UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JASMAN DAWONE HOLMAN,
Plaintiff,
v.
LA MEN CENTRAL JAIL, et al.,
Defendants.

Case No. 2:26-cv-06564-JAK-JDE

ORDER DISMISSING ACTION UNDER 28 U.S.C. § 1915(g)

On June 10, 2026, Jasman Dawone Holman ("Plaintiff"), a state prisoner at the California Health Care Facility located in Stockton, California, but formerly a detainee at the Los Angeles County Men's Central Jail ("Jail"), proceeding pro se, submitted for filing with the United States District Court for the Eastern District of California ("Eastern District") a civil rights complaint against the Jail and individuals working at the Jail relating to his treatment at the Jail. Dkt. 1 ("Complaint"). Plaintiff separately submitted a copy of his Inmate Statement Report, referencing, among other things, a "Federal Filing Fee," which the Court interprets as a request to proceed in forma pauperis ("IFP"). Dkt. 2 ("IFP Request"). On June 17, 2026, the Eastern District transferred the case to this district. Dkt. 5.

Under 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original).

Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). A plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998); see also Martin, 319 F.3d at 1050 ("conclusory assertions" are "insufficient to invoke the exception to §1915(g)"). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Courts may raise Section 1915(g) sua sponte. See Ray v. Lara, 31 F.4th 692, 696 (9th Cir. 2022); Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Fabricant v. Harbison, 2021 WL 5921470, at *2 (C.D. Cal. Sept. 1, 2021) ("Courts may raise § 1915(g) sua sponte."), accepted by 2022 WL 103187 (C.D. Cal. Jan. 11, 2022). When the Court raises the issue sua sponte, if it makes appropriate findings, it may dismiss the action without hearing from the plaintiff on the issue. Ray, 31 F.4th at 696-97. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010)

Here, the docket of this Court, of which this Court takes judicial notice, reflects at least three prior civil actions or appeals filed by Plaintiff while incarcerated that resulted in dismissal for being frivolous, malicious, or failing to state a claim upon which relief may be granted:

1. Jasman Dawone Holman v. City of Los Angeles, et al., No. 2:25-cv-07405-JAK-MAA(C.D. Cal. Sept. 2, 2025, Dkt. 4) (order dismissing Plaintiff's civil rights complaint, filed while in custody, for failing to state a claim upon which relief may be granted);
2. Jasman Dawone Holman v. Warden, CMF, et al., No. 2:25-cv-10361-JAK-MAA (C.D. Cal. May 8, 2026, Dkt. 11, 12) (order accepting recommendation to dismiss civil rights complaint filed by Plaintiff while in custody as frivolous, malicious, or failing to state a claim); and
3. Jasman Dawone Holman v. Mariah L., et al., No. 2:26-cv-04545-JAK-MAA(C.D. Cal. May 8, 2026, Dkt. 5, 6) (order accepting recommendation to dismiss civil rights complaint filed by Plaintiff while in custody as frivolous, malicious, or failing to state a claim).

On June 23, 2026, the assigned magistrate judge issued an order finding that it appeared Plaintiff had suffered three prior "strikes," with each "strike" identified, and had not alleged he was currently under imminent danger of serious physical injury, ordering Plaintiff to either: (1) show cause in writing why the action should not be dismissed under 28 U.S.C. § 1915(g), or (2) pay the full filing fee, within 21 days. Dkt. 7 ("OSC"). Plaintiff did not file a response to the OSC in this action or pay the filing. However, in another action now pending in this Court filed by Plaintiff, Jasman Dawone Holman v. LA Mens Central Jail, et al., (C.D. Cal.) Case No. 2:26-cv-6848-JAK-JDE, Plaintiff attached to a Request to Proceed IFP a handwritten page referencing the case number for this case, asserting that deputies at the Jail "would not let [him] file [the] complaint," along with additional allegations that are difficult to follow. Id. Dkt. 9 at 5 (CM/ECF pagination). Even treating that filing as Plaintiff's Response to the OSC here, he does not challenge the existence of the three prior strikes identified in the OSC, nor does he allege he is under any current danger of imminent serious physical injury.

Plaintiff, a "prisoner," has had at least three prior civil actions he commenced as a prisoner dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Further, as Plaintiff is no longer housed at the Jail, he is not under imminent danger of serious physical injury due to the allegations in the Complaint. As such, this action must be dismissed under 28 U.S.C. § 1915(g). Nothing herein prevents Plaintiff from refiling the action upon paying the full filing fee.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Complaint is DISMISSED without prejudice to refiling after prepayment of the full filing fee; and
2. Judgment shall be entered accordingly.

Dated: July 28, 2026

JOHN A. KRONSTADT
United States District Judge

Presented by:

JOHN D. EARLY
United States Magistrate Judge